Joe Angelo (Bar #268542)
joe@galeangelojohnson.com
Gale, Angelo, Johnson, P.C.
2999 Douglas Blvd., Ste. 111
Roseville, CA 95661
916-290-7778 ph
916-282-0771 fax

Attorney for Plaintiff
Roberto Barbosa

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Roberto Barbosa<br><br>Plaintiff,<br><br>v.<br><br>TD Bank, N.A.<br><br>Defendant. | CASE NO. 2:26-cv-05575<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Telephone Consumer Protection Act<br>2. Violation of the Rosenthal Fair Debt Collection Practices Act<br>3. Intrusion Upon Seclusion |

COMES NOW Plaintiff Roberto Barbosa (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant TD Bank, N.A.'s (hereinafter "Defendant" or "TD") violations of privacy - intrusion upon Plaintiff's seclusion; violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers, violation of the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788, *et. seq.*), and Invasion of Privacy / Intrusion Upon Seclusion.

2. Plaintiff brings this action against TD for its abusive and outrageous conduct in connection with debt collection activity, as Defendant continued contacting Plaintiff repeatedly after receiving two certified notice that Plaintiff was represented by counsel and revoking any consent that may have been given to be contacted by Defendant on his cellular telephone.

3. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

4. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

## JURISDICTION & VENUE

5. Plaintiff re-alleges and incorporates herein by reference the allegations in each and every paragraph above, fully set forth herein.

6. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227

7. The venue is proper pursuant to 28 U.S.C. §1391(b)(1).

## GENERAL ALLEGATIONS

8. Plaintiff is an individual residing in the state of California and is a "debtor" as defined by Cal. Civ. Code § 1788.2(g).

9. At all relevant times herein, TD was a company engaged, by the use of mail, email, and telephone, in the business of collecting debts from Plaintiff.

10. TD is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

11. Plaintiff applied for, and obtained, financing through TD for a Nordstrom branded credit card.

12. The credit card Plaintiff took obtained Defendant was extended primarily for personal, family or household purposes.

13. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes.

14. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction.

15. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves.

16. Plaintiff's account was an unsecured credit account and Plaintiff began making payments on the account shortly after opening.

17. Plaintiff was making payments on the account for some time before he became financially unable to keep up with the monthly payments.

18. Defendant began contacting Plaintiff in late 2025 to inquire about the status of the loan and to collect on the payments that were no longer being made.

19. Plaintiff then retained counsel to assist in dealing with Defendant's debt and to seek some type of financial relief.

20. Counsel for Plaintiff sent Defendant a letter confirming representation of Plaintiff and informing Defendant that it was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

21. The contents of the letter also informed Defendant that Plaintiff was withdrawing his consent to be contacted on his cellular telephone.

22. Counsel for Plaintiff sent the certified letter of representation to Defendant on December 11, 2025.

23. Plaintiff informed Defendant that he was revoking his consent to be called on his cellular telephone in December of 2025.

24. Despite Defendant receiving the notice of representation and revocation of consent, Defendant continued to contact Plaintiff on his cellular telephone.

25. Frustrated with the ongoing collection calls, a second notice of representation was sent to TD on February 2, 2026.

26. Undeterred despite receiving two certified notices, TD continued to contact Plaintiff directly.

27. TD would sometimes call Plaintiff numerous times each day demanding payment on the account.

28. Nearly all of the messages left by Defendant on Plaintiff's cell phone were pre-recorded.

29. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

30. Defendant's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone were to stop.

## **FIRST CAUSE OF ACTION**

(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant)

31. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

32. Plaintiff provided written notice via certified mail, twice, that he was represented by sending Defendant a letter with the name, address, and contact information of his attorney and informed Defendant that he was represented.

33. Defendant continued to call and attempt to contact Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel and represented Plaintiff with respect to the debt that was owed to Defendant.

34. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

35. Plaintiff was contacted repeatedly by Defendant after Defendant was aware Plaintiff was represented by counsel as Defendant received two separate letters regarding Plaintiff's representation by counsel regarding his account with Defendant.

36.Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving notice, twice, that Plaintiff had retained an attorney.

**<u>SECOND CAUSE OF ACTION</u>**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant)

37. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

38. Defendant placed at least 85 calls to Plaintiff.

39. Plaintiff was contacted multiple times per day by Defendant.

40. Defendant sent written payment demands and collection notices to Plaintiff in addition to the phone calls.

41. Defendant violated Cal. Civ. Code §1788.11(d) by contacting Plaintiff over 85 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

**THIRD CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant)

42. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

43. Defendant placed at least 85 calls to Plaintiff.

44. Plaintiff was contacted multiple times per day by Defendant.

45. Defendant sent written payment demands and collection notices to Plaintiff in addition to the phone calls.

46. Defendant violated Cal. Civ. Code §1788.11(e) by contacting Plaintiff over 85 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

**FOURTH CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant)

47. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

48. Defendant placed over 85 calls to Plaintiff.

49. Plaintiff was contacted multiple times per day by Defendant.

50. Defendant knew that Plaintiff was represented by an attorney as it received certified notice, twice, stating as much.

51. Defendant violated Cal. Civ. Code §1788.17, in violation of 15 U.S.C. §§ 1692(d) and (c) by calling Plaintiff after Defendant knew that Plaintiff was represented by counsel and in an attempt to harass and annoy Plaintiff.

**Cal. Civ. Code § 3294**

52. Defendant also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to exemplary damages in an amount according to proof and a finder of fact at trial.

53. Defendant had actual knowledge that it continued to violate both state and federal collection laws as it received two certified notice regarding representation of Plaintiff by an attorney.

54. These calls were done with knowledge that Plaintiff was represented by counsel and could not communicate directly with Plaintiff, let alone using an automated telephone dialing system and leaving pre-recorded voice messages.

55. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, these calls were an attempt to collect a debt in an illegal manner with a conscious disregard for Plaintiff's rights under both the Rosenthal Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.

56. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, Defendant's illegal communications were done to intentionally subject Plaintiff to the unjust hardship of receiving at least eighty-five pre-recorded messages.

57. The sheer volume of calls was intentionally designed to exhaust Plaintiff into paying Defendant.

58. Defendant also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## FIFTH CAUSE OF ACTION

(Violation of the TCPA)

(47 USC § 227)
(Against Defendant TD)

59. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

60. Defendant was informed that Plaintiff revoked his consent to be contacted by Defendant in December of 2025 and again in February of 2026.

61. Defendant called Plaintiff approximately 85 times since Plaintiff withdrew his consent to be contacted by a pre-recorded/artificial voice.

62. Plaintiff sent a certified notice to Defendant that explicitly informed Defendant that revocation to be contacted on his cellular telephone, to the extent it had previously been given, was being revoked.

63.Defendant received Plaintiff's notices in December of 2025 and February of 2026..

64. However, Defendant would contact Plaintiff nearly daily regarding payment on the accounts.

65. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

66. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

67. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by a pre-recorded message/artificial voice in December of 2025 and February of 2026..

68. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(A)(iii).

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

**a.** An award of actual, statutory, and punitive damages.

**b.** An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.

**c.** An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

**d.** Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

**e.** An award of statutory damages of $1,000 pursuant to Cal. Civ. Code § 1788.17;

**f.** An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c).

DATED: May 21, 2026

**Gale, Angelo, Johnson, P.C.**

By: *<u>/s/ Joe Angelo</u>*
Joe Angelo
Attorney for Plaintiff