Sylvia (Yoo Jin) Cheong (SBN 302183)
**DUANE MORRIS LLP**
865 South Figueroa Street, Suite 3100
Los Angeles, California 90017-5450
Telephone: +1 213 689 7400
Facsimile: +1 213 689 7401
Email: SCheong@duanemorris.com

Attorneys for Defendant
TD Bank, N.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| **ROBERTO BARBOSA,**<br>Plaintiff,<br>v.<br>**TD BANK, N.A.,**<br>Defendant. | Case No. 2:26-cv-05575-DSF-MBK<br>Judge: Hon. Dale S. Fischer<br>**TD BANK, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br>Complaint Filed: May 22, 2026 |

Defendant TD Bank, N.A. ("***TD Bank***" or "***Defendant***"), by and through its undersigned counsel, Duane Morris LLP, hereby answers and responds to Plaintiff Roberto Barbosa's ("***Plaintiff***") Complaint for Damages for alleged (1) Violation of the Telephone Consumer Protection Act ("***TCPA***"); (2) Violation of the Rosenthal Fair Debt Collection Practices Act ("***Rosenthal Act***"); and (3) Intrusion Upon Seclusion, filed in the above-captioned lawsuit ("***Complaint***"). TD Bank responds to the allegations contained in the Complaint on knowledge, information, and belief, with the paragraph numbers in this Answer corresponding to those in the Complaint as follows:

## INTRODUCTION[1]

1. TD Bank admits only that this action is brought for alleged damages. The remaining allegations contained in Paragraph 1 are statements of law and/or conclusions of law to which no response is required. To the extent a response is required, TD Bank denies the allegations.

2. TD Bank admits only that Plaintiff is bringing this action against TD Bank. TD Bank denies the remaining allegations contained in Paragraph 2.

3. The allegations contained in Paragraph 3 are statements of legislative intent and policy, to which no response is required. To the extent a response is required, TD Bank denies the allegations.

4. The allegations contained in Paragraph 4, including all subparts, are statements of legislative history, findings, and policy, to which no response is required. To the extent a response is required, TD Bank denies the allegations.

## JURISDICTION & VENUE

5. TD Bank incorporates by reference its responses to all preceding paragraphs of the Complaint.

6. The allegations contained in Paragraph 6 are conclusions of law, to which no response is required. To the extent a response is required, TD Bank denies the allegations.

7. The allegation contained in Paragraph 7 is a conclusion of law, to which no response is required. To the extent a response is required, TD Bank denies the allegation.

## GENERAL ALLEGATIONS

8. TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and on that basis denies those allegations. Furthermore, the allegations contained in Paragraph 8 include

---

[1] The headers and sub-headers from the Complaint are used herein only for ease of reference. TD Bank denies, generally and specifically, each and every allegation that can be construed as contained within the headers and sub-headers of the Complaint.

conclusions of law, to which no response is required. To the extent a response is required, TD Bank denies the allegations.

9. TD Bank denies the allegations contained in Paragraph 9.

10. The allegations contained in Paragraph 10 are conclusions of law, to which no response is required. To the extent a response is required, TD Bank denies the allegations.

11. TD Bank admits only that TD Bank issued a Nordstrom-branded credit card to Plaintiff. TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 and on that basis denies those allegations.

12. The allegations contained in Paragraph 12 are conclusions of law, to which no response is required. To the extent a response is required, TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and on that basis denies those allegations.

13. The allegations contained in Paragraph 13 are conclusions of law, to which no response is required. To the extent a response is required, TD Bank denies the allegations contained in Paragraph 13 to the extent they claim TD Bank engaged in unlawful debt collection practices. TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 and on that basis denies those allegations.

14. TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and on that basis denies those allegations.

15. TD Bank admits only that it provided monthly credit card statements to Plaintiff and contacted Plaintiff about debt owed on Plaintiff's account. TD Bank denies the remaining allegations contained in Paragraph 15.

16. TD Bank admits that Plaintiff's account was an unsecured credit card account. TD Bank lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in Paragraph 16 and on that basis denies those allegations.

17. TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and on that basis denies those allegations.

18. TD Bank admits that it contacted Plaintiff regarding the status of his account and payments that had not been made. TD Bank denies the remaining allegations contained in Paragraph 18.

19. TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and on that basis denies those allegations.

20. TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and on that basis denies those allegations. To the extent the allegations purport to characterize the contents of a letter, the letter is a document that speaks for itself, to which no response is required. TD Bank denies receipt of such letter at the address designated for such letters.

21. TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and on that basis denies those allegations. To the extent the allegations purport to characterize the contents of a letter, the letter is a document that speaks for itself, to which no response is required. TD Bank denies receipt of such letter at the address designated for such letters.

22. TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and on that basis denies those allegations. TD Bank denies receipt of such letter at the address designated for such letters.

23. TD Bank lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 23 and on that basis denies those allegations. To the extent the allegations purport to characterize the contents of a letter, the letter is a document that speaks for itself, to which no response is required.

24. TD Bank denies the allegations contained in Paragraph 24.

25. TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and on that basis denies those allegations. TD Bank denies receipt of the second notice at the address designated for such letters.

26. TD Bank denies the allegations contained in Paragraph 26.

27. TD Bank denies the allegations contained in Paragraph 27.

28. TD Bank denies the allegations contained in Paragraph 28.

29. TD Bank denies being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant. TD Bank admits contacting Plaintiff regarding non-payment of the debt owed to Defendant. TD Bank denies the remaining allegations contained in Paragraph 29.

30. TD Bank denies the allegations contained in Paragraph 30.

## FIRST CAUSE OF ACTION

(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant)

31. TD Bank incorporates by reference its responses to all preceding paragraphs of the Complaint.

32. TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and on that basis denies those allegations. To the extent the allegations purport to characterize the contents of the two notices, the two notices are documents that speak for themselves, to which no response is required. TD Bank denies receipt of the two notices at the address designated for such letters.

33. TD Bank admits only that TD Bank contacted Plaintiff for non-payment of debt. TD Bank denies the remaining allegations contained in Paragraph 33.

34. TD Bank denies the allegations contained in Paragraph 34.

35. TD Bank denies the allegations contained in Paragraph 35.

36. TD Bank denies the allegations contained in Paragraph 36. Furthermore, the allegations contained in Paragraph 36 include conclusions of law, to which no response is required. To the extent a response is required, TD Bank denies the allegations.

**SECOND CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant)

37. TD Bank incorporates by reference its responses to all preceding paragraphs of the Complaint.

38. TD Bank admits only that it made at least 85 calls to Plaintiff, but denies that it violated the Rosenthal Act.

39. TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and on that basis denies those allegations.

40. TD Bank admits only that it corresponded in writing with Plaintiff regarding his account, which may include non-payment of debt. TD Bank denies the remaining allegations contained in Paragraph 40.

41. TD Bank denies the allegations contained in Paragraph 41. Furthermore, the allegations contained in Paragraph 41 include conclusions of law, to which no response is required. To the extent a response is required, TD Bank denies the allegations.

**THIRD CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant)

42. TD Bank incorporates by reference its responses to all preceding paragraphs of the Complaint.

43. TD Bank admits only that it made at least 85 calls to Plaintiff, but denies that it violated the Rosenthal Act.

44. TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and on that basis denies those allegations.

45. TD Bank admits only that it corresponded in writing with Plaintiff regarding his account, which may include non-payment of debt. TD Bank denies the remaining allegations contained in Paragraph 45.

46. TD Bank denies the allegations contained in Paragraph 46. Furthermore, the allegations contained in Paragraph 46 include conclusions of law, to which no response is required. To the extent a response is required, TD Bank denies the allegations.

**FOURTH CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant)

47. TD Bank incorporates by reference its responses to all preceding paragraphs of the Complaint.

48. TD Bank admits only that it made at least 85 calls to Plaintiff, but denies that it violated the Rosenthal Act.

49. TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and on that basis denies those allegations.

50. TD Bank denies the allegations contained in Paragraph 50.

51. TD Bank denies the allegations contained in Paragraph 51. Furthermore, the allegations contained in Paragraph 51 include conclusions of law, to which no response is required. To the extent a response is required, TD Bank denies the

allegations.

**Cal. Civ. Code § 3294**

52. TD Bank denies the allegations contained in Paragraph 52. Furthermore, the allegations contained in Paragraph 52 include conclusions of law, to which no response is required. To the extent a response is required, TD Bank denies the allegations.

53. TD Bank denies the allegations contained in Paragraph 53. Furthermore, the allegations contained in Paragraph 53 include conclusions of law, to which no response is required. To the extent a response is required, TD Bank denies the allegations.

54. TD Bank denies the allegations contained in Paragraph 54. Furthermore, the allegations contained in Paragraph 54 include conclusions of law, to which no response is required. To the extent a response is required, TD Bank denies the allegations.

55. TD Bank denies the allegations contained in Paragraph 55. Furthermore, the allegations contained in Paragraph 55 include conclusions of law, to which no response is required. To the extent a response is required, TD Bank denies the allegations.

56. TD Bank denies the allegations contained in Paragraph 56. Furthermore, the allegations contained in Paragraph 56 include conclusions of law, to which no response is required. To the extent a response is required, TD Bank denies the allegations.

57. TD Bank denies the allegations contained in Paragraph 57. Furthermore, the allegations contained in Paragraph 57 include conclusions of law, to which no response is required. To the extent a response is required, TD Bank denies the allegations.

58. TD Bank denies the allegations contained in Paragraph 58. Furthermore, the allegations contained in Paragraph 58 include conclusions of law, to which no

response is required. To the extent a response is required, TD Bank denies the allegations.

**FIFTH CAUSE OF ACTION**
(Violation of the TCPA)
(47 U.S.C. § 227)
(Against Defendant TD)

59. TD Bank incorporates by reference its responses to all preceding paragraphs of the Complaint.

60. TD Bank denies the allegations contained in Paragraph 60.

61. TD Bank denies the allegations contained in Paragraph 61.

62. TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and on that basis denies those allegations. To the extent the allegations purport to characterize the contents of a certified notice, that notice is a document that speaks for itself, to which no response is required. TD Bank denies receiving such notice.

63. TD Bank denies the allegations contained in Paragraph 63.

64. TD Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and on that basis denies those allegations.

65. TD Bank denies the allegations contained in Paragraph 65. Furthermore, the allegations contained in Paragraph 65 include conclusions of law, to which no response is required. To the extent a response is required, TD Bank denies the allegations.

66. TD Bank admits only that it placed calls to Plaintiff at the phone number associated with his account. Furthermore, the allegations contained in Paragraph 66 include conclusions of law, to which no response is required. To the extent a response is required, TD Bank denies the allegations.

67. TD Bank denies the allegations contained in Paragraph 67. Furthermore, the allegations contained in Paragraph 67 include conclusions of law, to which no

response is required. To the extent a response is required, TD Bank denies the allegations.

68. The allegations contained in Paragraph 68 are conclusions of law, to which no response is required. To the extent a response is required, TD Bank denies the allegations.

**DEMAND FOR JURY TRIAL**

TD Bank admits that Plaintiff demands a trial by jury. All remaining allegations contained under the jury demand are conclusions of law, to which no response is required. To the extent a response is required, TD Bank denies such allegations.

**PLAINTIFF'S PRAYER FOR RELIEF**

To the extent that a response is required, TD Bank denies that Plaintiff is entitled to any relief whatsoever from TD Bank.

**DENIAL OF ANY REMAINING ALLEGATIONS**

Except as expressly stated above, TD Bank denies each and every remaining allegation in the Complaint.

**TD BANK'S AFFIRMATIVE DEFENSES**

TD Bank raises each of the following affirmative defenses to each and every cause of action asserted against it and to each of the acts and/or omissions with which TD Bank is charged in the Complaint. TD Bank hereby alleges the following affirmative defenses without assuming the burden of proof where the burden is not by law upon TD Bank.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

The Complaint, and each and every purported cause of action, fails to state facts sufficient to constitute a cause of action or claim against TD Bank.

**SECOND AFFIRMATIVE DEFENSE**

(Statutes of Limitations)

Plaintiff's claims are barred by the applicable statutes of limitations and/or statutes

of repose.

**THIRD AFFIRMATIVE DEFENSE**

(No Standing)

Plaintiff lacks standing to assert the claims contained in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

(Comparative Fault)

Any damage sustained by Plaintiff, if any, was caused in whole or in part by Plaintiff's own negligence or wrongful conduct. Therefore, any recovery to which Plaintiff may otherwise be entitled must be reduced in proportion to Plaintiff's degree of fault.

**FIFTH AFFIRMATIVE DEFENSE**

(Lack of Causation)

The acts alleged to have been committed by TD Bank, if any, were not the cause in fact, proximate cause, or legal cause of any damages complained of in the Complaint. Any damages allegedly sustained by Plaintiff were caused, in whole or in part, by the actions, omissions, or intervening events of other parties or circumstances over which TD Bank had no control, and for which TD Bank is not responsible.

**SIXTH AFFIRMATIVE DEFENSE**

(Statutory or Regulatory Defenses)

Plaintiff's claims are barred by any statutory and/or regulatory safe harbors, exemptions, limitations, conditions, or other defenses that may be applicable under the statutes at issue.

**SEVENTH AFFIRMATIVE DEFENSE**

(TD Bank Is Not a "Debt Collector")

Plaintiff's claims under the Rosenthal Act are barred because TD Bank is not a "debt collector" as defined by the Act.

**EIGHTH AFFIRMATIVE DEFENSE**

(Reasonableness and Good Faith)

TD Bank and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known to them at the time and in furtherance of a legitimate business purpose. Any alleged acts, communications, or conduct, if any, were made with an honest belief that they were privileged, justified, or legally permissible under the circumstances.

**NINTH AFFIRMATIVE DEFENSE**

(No Intentional or Reckless Conduct)

TD Bank did not engage in any conduct that was outrageous, intentional, malicious, or done with reckless disregard toward Plaintiff. TD Bank further did not engage in any knowing, willful, or fraudulent conduct with respect to Plaintiff. Any alleged acts, if they occurred, were done without intent to harm.

**TENTH AFFIRMATIVE DEFENSE**

(Substantial Compliance)

TD Bank has at all times acted in substantial compliance with the requirements of the Rosenthal Act and the TCPA. Any alleged technical deviations or minor defects did not violate the statutes or frustrate their purpose and therefore do not give rise to liability.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Reasonable Procedure)

TD Bank, at all relevant times, maintained and followed reasonable procedures designed to ensure compliance with the statutes at issue. Any alleged violation, if it occurred, resulted despite such procedures and therefore does not give rise to liability.

**TWELFTH AFFIRMATIVE DEFENSE**

(Bona Fide Error)

Any violation of any federal or state statute or common law duty by TD Bank, if any, was unintentional and occurred despite TD Bank's maintenance of procedures

reasonably adapted to avoid such errors. Any such error was bona fide and does not give rise to liability under the statutes at issue or other applicable law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Consent)

Plaintiff consented, either expressly or impliedly, to the conduct alleged in the Complaint. Specifically, Plaintiff's claims under the TCPA are barred because Plaintiff consented to being contacted regarding his account, and TD Bank did not receive any of the alleged notices purportedly revoking such consent.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Lack of Cognizable and Recoverable Damages)

Plaintiff has not suffered any legally cognizable damages. Any alleged injury is speculative, trivial, de minimis, inconsequential, or otherwise unsupported, and is not recoverable as actual or statutory damages under the applicable statutes.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Excessive Statutory Damages)

To the extent Plaintiff seeks statutory damages, such damages are disproportionate to any alleged harm and would constitute an excessive, arbitrary, or unconstitutional penalty in violation of TD Bank's rights under the United States and California Constitutions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Operative Credit Card Agreement)

TD Bank contends that Plaintiff's claims are barred, in whole or in part, by the operative credit card agreement governing Plaintiff's Nordstrom-branded account.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Ineffective Notice)

To the extent Plaintiff's claims are based on alleged notices of representation or revocation of consent that were not properly addressed, received, or otherwise did not comply with the requirements of the operative credit card agreement, the

Rosenthal Act, or the TCPA, such notices were not legally effective to impose any obligations on TD Bank.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(No Liability)

Plaintiff's causes of action are barred, in whole or in part, because TD Bank did not commit any wrongful act as to Plaintiff and therefore is not responsible for any damages which Plaintiff claims in the Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Attorneys' Fees)

Plaintiff is not entitled to attorneys' fees in this action because there is no applicable statute, contractual provision, or special equity authorizing fees in this matter beyond what is otherwise provided by the statutes at issue.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Offset)

Plaintiff's claims are barred, in whole or in part, because TD Bank is entitled to an offset for any amounts owed by Plaintiff to TD Bank. In addition, Plaintiff's claims for damages, if any, must be offset by any amounts already received by Plaintiff for the same or substantially similar alleged damages to prevent an improper double recovery.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Waiver and Estoppel)

Plaintiff waived his right to assert and/or is estopped from asserting the causes of action against TD Bank contained in the Complaint by virtue of his own acts and conduct.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

Plaintiff failed to exercise reasonable care to mitigate, minimize, or avoid Plaintiff's alleged damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(No Separately Pled Claim for Intrusion Upon Seclusion)

To the extent the Complaint's caption or introductory allegations are construed to assert a claim for intrusion upon seclusion or invasion of privacy, no such claim is separately pled among the numbered causes of action, and any such claim fails to state facts sufficient to constitute a cause of action against TD Bank.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(No Highly Offensive Conduct)

To the extent Plaintiff asserts a claim for intrusion upon seclusion or invasion of privacy, TD Bank's alleged conduct in contacting Plaintiff regarding his account does not constitute a highly offensive intrusion into a private matter.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(No Reasonable Expectation of Privacy)

To the extent Plaintiff asserts a claim for intrusion upon seclusion or invasion of privacy, Plaintiff provided his telephone number to TD Bank in connection with his account, and therefore had no reasonable expectation of privacy in account-related communications directed to that number.

**RESERVATION OF RIGHTS**

TD Bank expressly reserves the right to amend this Answer and to assert additional affirmative defenses as may become applicable through further investigation, discovery, or amendment of the Complaint. No omission of any defense herein shall be deemed a waiver of any rights or defenses available to TD Bank at law or in equity.

**PRAYER FOR RELIEF**

WHEREFORE, TD Bank prays for judgment as follows:

1. That Plaintiff takes nothing by way of his Complaint;

2. That the Court enter judgment in favor of TD Bank on each cause of action alleged against it in the Complaint;

3. That TD Bank be awarded its costs of suit herein; and

4. For such other and further relief as the Court deems just and proper.

Dated: August 26, 2026

**DUANE MORRIS LLP**
By: */s/ Sylvia (Yoo Jin) Cheong*
Sylvia (Yoo Jin) Cheong
Attorneys for Defendant
TD Bank, N.A.